IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Michael O'dell Seegers, | ) | C/A No.: 1:16-1263-SVH |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| Nancy A. Berryhill,[1] Acting Commissioner of Social Security Administration, | ) | |
| Defendant. | ) | |

This matter is before the court on Plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Plaintiff filed a petition requesting $4,360.04 in attorney's fees and expenses on the ground that he is a prevailing party under the EAJA. [ECF Nos. 21 and 21-1 at 2]. The Commissioner filed a response opposing Plaintiff's petition for attorney's fees on the basis that it was not timely filed. [ECF No. 22]. In his reply to the Commissioner's response, Plaintiff's counsel admits that he was unaware of the timeline for filing a request for EAJA fees, but maintains that the Commissioner is not prejudiced by his delay. [ECF No. 23 at 2–3]. For the reasons set forth below, the court denies Plaintiff's motion for attorney's fees.

I.   Procedural Background

On November 13, 2012, Plaintiff protectively filed an application for DIB in which he alleged his disability began on April 8, 2008. Tr. at 63 and 131–36. His application was denied initially and upon reconsideration. Tr. at 85–88 and 90–95. On

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017. Pursuant to Fed. R. Civ. P. 25(d), Nancy A. Berryhill is substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this lawsuit.

April 1, 2015, Plaintiff had a hearing before Administrative Law Judge ("ALJ") Ann G. Paschall. Tr. at 29–49 (Hr'g Tr.). The ALJ issued an unfavorable decision on June 9, 2015, finding that Plaintiff was not disabled within the meaning of the Act. Tr. at 8–28. Subsequently, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner for purposes of judicial review. Tr. at 1–6. Thereafter, Plaintiff brought this action seeking judicial review of the Commissioner's decision in a complaint filed on April 25, 2016. [ECF No. 1]. On January 27, 2017, the court issued an order reversing the decision of the Commissioner and remanding the action for further administrative proceedings. [ECF No. 19].

II.     Discussion

Under the EAJA, a court shall award reasonable attorney's fees to a prevailing party in certain civil actions against the United States unless the court finds that the government's position was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The eligibility requirements for an award of fees under the EAJA are: (1) that the claimant is a prevailing party; (2) that the government's position was not substantially justified; (3) that no special circumstances make an award unjust; and (4) that the fee application be submitted to the court within 30 days of final judgment and be supported by an itemized statement. *See Crawford v. Sullivan*, 935 F.2d 655, 656 (4th Cir. 1991).

Because this court remanded the claim pursuant to 42 U.S.C. § 405(g), Plaintiff is considered the "prevailing party" under the EAJA. *See Shalala v. Schaefer*, 509 U.S. 292, 302 (1993). The Commissioner does not make a substantial justification argument or

maintain that special circumstance make an award unjust. However, she contends that Plaintiff's attorney's fee cannot be paid because the fee petition was filed outside the statutory period. [ECF No. 22 at 2].

The "EAJA requires prevailing parties seeking an award of fees to file with the court, '*within thirty days of final judgment in the action*,' an application for fees and other expenses." *Melkonyan v. Sullivan*, 501 U.S. 89, 103 (1991) (emphasis in original), citing 28 U.S.C. § 2412(d)(1)(B). The instant case was remanded pursuant to sentence four of 42 U.S.C. § 405(g) [ECF No. 19], and "[a] sentence four remand is a 'final judgment' under the EAJA." *Petition of Thomason*, 777 F. Supp. 1277, 1279 (D.S.C. 1991). In *Melkonyan*, 501 U.S. at 102, the Supreme Court clarified that for cases remanded pursuant to sentence four of 42 U.S.C. § 405(g) "the filing period begins after the final judgment ('affirming, modifying, or reversing') is entered by the court and the appeal period has run, so that the judgment is no longer appealable." For actions in which a United States agency is a party, Fed. R. App. P. 4(a)(1)(B) provides that a notice of appeal may be filed within 60 days after entry of the judgment.

In the instant action, the court entered a judgment on January 27, 2017. [ECF No. 20], and the 60-day appeal period ended on March 28, 2017. *See* Fed. R. App. P. 4(a)(1)(B). Plaintiff was required to file the fee petition under the EAJA by April 27, 2017. *See* 28 U.S.C. § 2412(d)(1)(A). Because Plaintiff filed his fee petition on September 27, 2017 [ECF No. 21], it was untimely. *See id*.

In *Scarborough v. Principi*, 541 U.S. 401 (2004), the Supreme Court rejected lower courts' rulings that the 30-day requirement under 28 U.S.C. § 2412(d)(1)(A) was jurisdictional and found that it "concerns a mode of relief (costs including legal fees) ancillary to the judgment of a court that has plenary jurisdiction of [the civil] action in which the fee application is made." The court held that the plaintiff was not time-barred from obtaining a fee award under 28 U.S.C. § 2812(d)(1)(A) where he had filed the fee petition within the statutory period, but had amended it after the expiration of the period to assert that the government's position was not substantially justified. *Id.* Nevertheless, neither the Supreme Court nor the United States Court of Appeals for the Fourth Circuit has recognized exceptions to 28 U.S.C. § 2812(d)(1)(A)'s requirement that the attorney's fee petition be filed within 30 days of final judgment.

The Fourth Circuit and courts within the Fourth Circuit have routinely dismissed cases in which fee petitions were filed outside the statutory period. *See Chambers v. Bailey*, 36 F.3d 1091 (Table), 1994 WL 510445, at *2 (4th Cir. 1994); *Smith v. Astrue*, No. 2:07-5, 2012 WL 12529, at *2 (W.D. Va. Jan. 3, 2012); *Smith v. Astrue*, No. 1:09-19, 2010 WL 1473945, at *1–2 (W.D. Va. Apr. 9, 2010); *Hinchey v. Astrue*, No. 5:06-47, 2008 WL 570952, at *1 (W.D. Va. Feb. 29, 2008); *Hines v. Commissioner of Social Sec.*, 450 F. Supp. 2d 628, 631 (E.D. Va. 2006).

Plaintiff concedes that the fee petition was filed untimely because he was unaware of 28 U.S.C. § 2812(d)(1)(A)'s requirements and admits that he has not shown good cause for late filing. [ECF No. 23 at 2]. However, he maintains that the Commissioner would not be prejudiced if the court were to grant the untimely motion. *Id.* at 2–3. In light

of the courts' holdings in the cases cited above and in the absence of a showing of good cause for the late filing, the court is constrained to deny Plaintiff's motion.

III. Conclusion

For the foregoing reasons, the court denies Plaintiff's motion for attorney's fees under the EAJA. This decision is without prejudice to the rights of Plaintiff's counsel to seek attorney fees under section 406(b) of the Social Security Act, 42 U.S.C. § 406(b).

IT IS SO ORDERED.

October 12, 2017
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge